UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Davis Redmond,

        Defendant.

Court File No. 26-mj-99

**MOTION FOR SPECIFIC RULE 16 DISCOVERY**

Defendant has already filed a motion seeking discovery under Rule 16. ECF No. 17. Defendant has received some discovery disclosures from the government, but those disclosures fall far short of what is required under Rule 16. Defendant therefore files this motion re-urging his request for disclosures under Rule 16 and specifically requesting the following materials.

Specifically, Defendant seeks an order requiring the United States to disclose the following materials to the extent they relate to any DHS, CBP, ICE, Border Patrol, or any other law enforcement officer or agent that participated in any way in the stop, pursuit, arrest, transportation, booking, interview of, or any other interaction with the Defendant in connection with these charges:

1) Copies of all cell phone video and body camera footage from all such agents and officers related in any way to this case.

2) Criminal histories and personnel files for each of the agents.

3) ICE, DHS or CBP training records for each such agent.

4) Computer and cell phone browsing and search histories for each agent from January 20 through the date of the Misdemeanor Information related in any way to the Defendant or this case, including all histories and search quires made on the Internet, on any intranet sites available to the agents, and on any CIS, vehicle registration, driver information, or other State or Federal database, whether or not available to the public.

5) Any and all records of any informational database reviewed, relied on, consulted, or considered by any DHS, ICE, or CBP agent or any other law enforcement officer who participated in this matter.

6) Copies of all radio traffic, dispatch records, cell phone communications, and any other communications between or among agents, and any other law enforcement personnel regarding this incident, whether such data is stored on a government or private device or other storage media.

7) All documents, communications, phone records, text messages, chats, emails, transmittals, and any other exchange of information between or among ICE, DHS, CBP, the U.S. Attorney's Office for the District of Minnesota, the Department of Justice, and any other law enforcement or prosecutive authorities regarding the potential or actual charging, declination, presentment, dismissal, recharging, or recharacterization of any criminal charges related to the Defendant.

8) Any and all photographs, text messages, emails, chats, or other cell phone data captured by or depicting any of the aforementioned law enforcement officers.

2

9) Any and all draft affidavits prepared in anticipation of the potential charging of this matter by felony Complaint.

10) All law enforcement training records or curricula for any of the aforementioned law enforcement officers.

11) All disciplinary files, Internal Affairs files, adverse findings regarding credibility or fitness, any other adverse performance assessments for any of the aforementioned agents or officers.

12) Any reports by the police, DHS, ICE, Border Patrol, or any other law enforcement agencies regarding the events disclosed in the discovery or the operational goals of the agents and officers that participated in such events.

13) Any and all audio, photos, video (including any body-worn, dash-camera, surveillance footage, or recordings on the officers' personal devices), text messages, \emails, booking and arrest records, evidence and chain-of-custody logs, and any documented verbal conversations related to this matter.

14) Photos of any "agitators," citizens, protesters, or observers, taken by each of the agents, during the dates of their deployment/involvement with Operation Metro Surge from 12/1/25 through 2/13/26. This specifically requests, but is not limited to, photos of any person accused by the agent of impeding, obstructing, or interfering with federal agents. Such a request is made based on publicly available information that federal agents routinely took such photos and that the photos taken on a particular date, at a particular location, and

3

of a particular person, would link that agent as being present during a particular event at that resulted in a constitutional violation.

15) A list of all persons arrested or detained by each of the agents or for whom the agents appear in reports related to the arrest of said person, whether for civil immigration violations or violations of criminal law, during the course of that agent's deployment in Minnesota during Operation Metro Surge from 12/1/15 through 2/13/26. Such a request is made on the basis that such information would link that agent as being present during a particular event that resulted in a constitutional violation.

16) All narrative reports or recorded statements given by each of the above named agents in connection with their official duties from 12/1/25 through 2/13/26 with Operation Metro Surge in Minnesota. Such a request is made on the basis that such information would link that agent as being present during a particular event that resulted in a constitutional violation.

17) Any video footage known to or possessed by the Government (including bystander video and video created by law enforcement (including body camera footage) related to each of the agents, during the dates of their deployment/involvement with Operation Metro Surge from 12/1/25 through 2/13/26, depicting the use of force to include firearms, chemical irritants, and physical force.

4

Respectfully submitted,

Dated:   March 10, 2026         s/ *Kevin C. Riach*
                                Kevin C. Riach
                                Attorney ID No. 389277
                                THE LAW OFFICE OF KEVIN C. RIACH
                                125 Main St. SE, Suite 339
                                Minneapolis, MN 55414
                                Phone: 612-203-8555

                                **ATTORNEY FOR DEFENDANT**