UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-99 (JMB/SGE)

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVIS REDMOND,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SPECIFIC RULE 16 DISCOVERY**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and John R. Arboleda, Special Assistant United States Attorney, hereby submits its response in opposition to Defendant's Motion for Specific Rule 16 Discovery. The Government opposes this motion for the reasons set forth below.

Redmond moves for seventeen enumerated forms of discovery. (ECF No. 27). Redmond supports his broad and extensive discovery requests only by asserting that although Redmond has received disclosures, those disclosures "fall short" of what is required under Rule 16, without more. (*See* ECF No. 27).

The Government has already made substantial Fed. R. Crim. P. 16 disclosures, including several of the items requested in Redmond's motion. However, the remaining disclosures requested by Redmond are not required by any constitutional or statutory authority. Indeed, a criminal defendant

generally does not have a right to "open file" discovery from the Government...
*United States v. Siewert*, CRIM. 08-4 DWF/SRN, 2008 WL 3165852 (D. Minn. June 10, 2008). Defendants in criminal cases have different avenues available to them in seeking discovery from the Government. *Id.* Among them, Rule 16 of the Federal Rules of Criminal Procedure is the primary avenue. *Id.* However, other avenues available to defendant's include Due Process rights to *Brady* and *Giglio* materials, Jencks Act Materials under 18 U.S.C. §3500 and Rule 26.2, and a *Rovino* request to identity of confidential informants. *Id.* Criminal defendant's do not have a general constitutional right to discovery. *United States v. Johnson*, 228 F.3d 920 (8th Cir. 2000). Therefore, in most circumstances, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government. *Id.* Here, Redmond has failed to do just that.

For the reasons set forth below, the government objects to Redmond's discovery requests.

### *Motion for Specific Rule 16 Discovery (ECF No. 27)*

Redmond moves this court for an order directing the United States to produce not only all items subject to disclosure under Rule 16 of the Federal Rules of Procedure, but also a large number of additional items that fall beyond the scope of Rule 16, *Brady, Giglio*, or any other relevant law.

As it relates to the items encompassed by Rule 16, which the government understands to be bullet 1, 12 ( only relating to reports made by participating agents), and 13 (only relating to audio, photos, video, to include body-worn camera), the government is aware of its Rule 16 obligations and submits to the court that it has complied. The government has produced all evidence in its possession that is subject to Rule 16.  To the extent the defendant identifies any such existing recordings or photos that they believe are missing, the government will work to locate and produce them as soon as possible. Therefore, the Government believes that defendant's motion can be denied as moot as it relates to bullets 1, 12 (in part), and 13 (in part).

The remaining bullets request a litany of items that are not encompassed by Rule 16. Therefore, the government addresses each of these in turn.

a.  <u>Bullets 2,3,8,10,11</u>

These items request information regarding witness identities, statements, training records, disciplinary files, criminal history, photographs, text messages, emails, chats or other cellphone data by or depicting any law enforcement officer that participated in any way with Redmond.   The government objects to this request as beyond the scope of its *Brady*, *Giglio*, and Jencks obligations.  Insofar as the defendant requests information regarding witnesses who the government does not intend to call at trial, the government objects to those disclosures as beyond the scope of *Brady* and *Giglio*.  As it

3

relates to trial witnesses, the government objects to *early* disclosure of these materials as beyond the scope of those cases. *Brady* is not a "discovery device." *United States v. Bowie*, 618 F.3d 802, 818 (8th Cir. 2010). Indeed, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Madsen v. Dormire*, 137 F.3d 602, 605 (8th Cir. 1998) (quoting *Weatherford*, 429 U.S. at 559); *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("The Constitution does not require the prosecutor to share all useful information with the defendant."). Accordingly, the government objects to the defendants' motion to the extent that it goes beyond the requirements of *Brady*, *Giglio*, and their progeny both as to the nature and timing of the requests.

Moreover, as it relates to impeachment material encompassed in these requests, "[t]he Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment. *Giglio* held that disclosure of evidence affecting the credibility of a witness falls within this rule." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady* and *Giglio*). It follows then, that disclosure of impeachment material, like *Brady* material, is timely if it is produced in time for use at trial. *See United States v. Jeanpierre*, 636 F.3d 416, 422 (8th Cir. 2011) (citing *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005) ("*Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant

4

to use it at trial."). The government is aware of its various *Brady* and *Giglio* obligations and intends to timely comply. To that end, the government agrees that it will disclose criminal record information, adverse, and disciplinary findings constituting *Giglio*, if any, for its testifying witnesses, if any, before trial.

b. <u>Bullet 7.</u>

Redmond requests "All documents, communications, phone records, text messages, chats, emails, transmittals, and any other exchange of information between or among ICE, DHS, CBP, the U.S. Attorney's Office for the District of Minnesota, the Department of Justice, and any other law enforcement or prosecutive authorities regarding the potential or actual charging, declination, presentment, dismissal, recharging, or recharacterization of any criminal charges related to the Defendant." (ECF No. 27 at 2). The government opposes this request.

Fed. R. Crim. P. 16(a)(2), authorizes the government to refuse discovery of reports, memoranda or other government documents made by an attorney for the government, or other government agents in connection with the investigation or prosecution of the case prior to trial. Fed. R. Crim. P. 16(a)(2); *United States v. Krauth*, 769 F.2d 473 (8th Cir. 1985).

Furthermore, it is well settled in the Eighth Circuit that Rule 16 allows for the discovery of statements made by defendants, but not statements made

by others. *United States v. Dornsbach*, 22-CR-00048, 2023 WL 2666480 (D. Minn. Mar. 28, 2023) citing *United States v. Mayberry*, 896 F.2d 1117,1122 (8th Cir. 1990).   Consequently, Rule 16 does not require the United States to produce communications between or among ICE, DHS CBP, The U.S. Attorney's Office for the District of Minnesota, The Department of Justice, and any other law enforcement or prospective authorities, nor does it allow for records, documents, text messages, chats, emails, transmittals, or 'other exchange of information'.

    c.  <u>Bullet 9.</u>

Redmond requests, any and all draft affidavits prepared in anticipation of the potential charging of this matter by felony complaint. The government opposes this request. Redmond is not entitled this information. Indeed, as this court has recognized, affidavit drafts are considered opinion work product that are entitled to absolute protection from disclosure. *United States v. Williams*, 23-CR-236 (JWB/ECW), 2024 WL 4589865 (D. Minn. Oct. 28, 2024), report and recommendation adopted in part, CR 23-236 (JWB/ECW), 2024 WL 5004473 (D. Minn. Dec. 6, 2024); *United States v. Robinson*, 439 F.3d 777, 779–80 (8th Cir. 2006).

    d.  Bullets 4,5,6,12,13,14,15, 16,17.

Redmond requests a laundry list of items without identifying an entitlement to them under Rule 16. Indeed, at first glance, Redmond's motion

is a wild hunt for discovery immaterial to the Government's allegation against him. Under Rule 16 (a)(1)(E), the prosecutor is obligated upon the defendant's request to "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control." *See United States v. Ivers*, 022CR00341RWPHCA, 2023 WL 2182327 (D. Minn. Feb. 23, 2023). These items must be "material …preparing the defense", intended to be used in the prosecution's "case-in-chief", or obtained from or belong[ing] to the defendant. Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii). A showing of materiality is not satisfied by a mere conclusory allegation that the requested information is material to the preparation of the defense. *United States v. Krauth*, 769 F.2d 473 (8th Cir. 1985)(discussing predecessor to Rule 16(a)(1)(E)(i) and finding a discovery motion properly denied where the defendant failed to produce evidence that the requested information would be helpful to the defense). To demonstrate materiality, a defendant must show "more than that [the requested information] bears some logical relationship to the issues in the case. *United States v. Hoeffener*, 4:16CR00374 JAR/PLC, 2017 WL 3676141 (E.D. Mo. Aug. 25, 2017), *aff'd,* 950 F.3d 1037 (8th Cir. 2020) citing *United States v. Ross*, 511 F.2d 757. 762 (5th Cir. 1975) (discussing predecessor to Rule 16(a)(1)(E)(i)). In particular, a defendant must show that disclosure of the requested information

7

"would enable the defendant significantly to alter the quantum of proof in his favor. *Id*. More specifically, a defendant must show "case-specific facts that would demonstrate the materiality of the information sought." *Id*. Citing *United States v. Santiago*, 46 F.3d 885, 895 (9th Cir. 1995). Thus, to obtain these items, "the defendant must make a threshold showing of materiality." *United States v. Ivers*, 022CR00341RWPHCA, 2023 WL 2182327 (D. Minn. Feb. 23, 2023) citing *United States v. W. R. Grace*, 401 F. Supp. 2d 1069 (D. Mont. 2005). Here, Redmond has failed to make any such showing of materiality.

Redmond requests computer and cellphone browsing search histories from the day before the incident to the filing of the information, records of informational databases reviewed, relief on, consulted or considered by any law enforcement officer who participated in the matter, copies of all radio traffic, dispatch records, any communications between law enforcement personnel on personal and government devices, reports whether related to civil immigration or criminal law violations, statements, narrative reports or recorded statements, a list of persons arrested or detained, footage, photos of agitators, citizens, protestors, including persons accused of 18 U.S.C 111 through the dates of 12/1/25-2/13/26, on the basis that such information would link that agent ( who is unidentified), as being present during "a particular event that resulted in a constitutional violation." (ECF No. 27 at 4). This request far

exceeds the bounds of Rule 16 and had not been established to be material to Redmond's defense, either by him, or on its face.

The government has provided numerous reports of investigations (ROIs), audio recording officer statements, and any and all body camera footage, photographs or videos available to the government in the government's possession relating to Redmond's criminal violation. Accordingly, the government opposes Redmond's request as to bullets 4,5,6,12,13,14,15,16, and 17 as outside the scope of Rule 16.

### CONCLUSION.

Based on the foregoing, the United States respectfully requests that the Court deny Redmond's Motion.

Dated: March 24, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/John R. Arboleda*

BY: John R. Arboleda
Special Assistant U.S. Attorney

9